IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Anheuser-Busch, Inc., a Missouri corporation, and InBev USA, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>C & C Distributors, Inc., a Rhode Island corporation,<br><br>Defendant. | CA 07 047 S<br><br>C.A. No. 07- |

**COMPLAINT**

Plaintiffs Anheuser-Busch, Inc. ("Anheuser-Busch") and InBev USA, LLC ("InBev USA") for their complaint against defendant C & C Distributors, Inc., ("C & C Distributors") allege as follows:

**PARTIES**

1. Anheuser-Busch is a Missouri corporation with its principal place of business at One Busch Place, St. Louis, Missouri 63118. Anheuser-Busch is a brewer and marketer of beer in the United States; its brands include Budweiser, Michelob and Busch beers. Anheuser-Busch is also a national importer of numerous brands of beer including certain beers brewed by InBev nv/sa in Europe.

2. InBev USA is a Delaware limited liability company with its principal place of business at 101 Merritt 7, Norwalk, Connecticut 06856. Prior to midnight January 31, 2007, InBev USA was the national importer of certain brands of beer brewed in Europe by InBev nv/sa.

3. C & C Distributors is a Rhode Island corporation with its principal place of business at 119 Hopkins Hill Rd, West Greenwich, Rhode Island 02817. C & C Distributors is a wholesaler of beer in the State of Rhode Island.

**JURISDICTION AND VENUE**

4. This is an action for declaratory judgment. The Court has jurisdiction under 28 U.S.C. §§ 1332 and 2201. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and an actual controversy exists between the parties.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

**FACTS**

6. On November 30, 2006, plaintiff Anheuser-Busch entered into an "Import Agreement" with Belgian brewer InBev nv/sa to become the exclusive U.S. importer of 19 brands of beer brewed by InBev in Europe – Stella Artois, Beck's Pilsner, Beck's Premier Light, Beck's Dark, Beck's Oktoberfest, Beck's Non-Alcoholic malt beverage, Bass Ale, Boddingtons Pub Ale, Hoegaarden, Lowenbrau Original, Lowenbrau Dark, Lowenbrau Octoberfestbier, Leffe Blonde Ale, Leffe Brown Ale, Belle Vue Kriek, Belle Vue Gueze, Belle Vue Framboise, Staropramen, and Tennents Lager (the "European Brands" or "Brands"). Effective February 1, 2007, the Import Agreement grants Anheuser-Busch "the exclusive right to advertise, distribute, market, promote and sell the Brands" and appoint wholesalers for the Brands, subject to applicable laws (if any).

7. Anheuser-Busch has a network of hundreds of wholesalers who distribute Bud, Michelob, Busch and other beers brewed by Anheuser-Busch. These wholesalers together operate the most efficient and successful beer distribution system in the United

States. The Import Agreement provides that the Brands will be sold through Anheuser-Busch's existing network of wholesalers.

8. C & C Distributors has never been a wholesaler of beers brewed by Anheuser-Busch beer (*e.g.* Bud, Michelob, Busch) or had any business relationship with Anheuser-Busch.

9. InBev nv/sa terminated plaintiff InBev USA as the exclusive importer and distributor of the European Brands in Rhode Island effective midnight January 31, 2007. InBev USA has exited the business of importing and supplying the Brands throughout the United States.

10. While InBev USA was the importer, C & C Distributors was the InBev USA wholesaler for Bass Ale in the state of Rhode Island.

11. The InBev USA L.L.C. Distribution Agreement ("Distribution Agreement") between InBev USA and C & C Distributors specifically provided for the possibility that InBev USA might cease to be the importer for its parent company's beers. Under these circumstances, the Distribution Agreement expires by its own terms. In pertinent part, that agreement states:

> WHOLESALER also agrees and acknowledges that IMPORTER may end its relationship with a manufacturer or supplier of IMPORTER, as to one or more IMPORTER PRODUCTS at any given time. Accordingly, and for whatever reason, should IMPORTER cease functioning as the United States importer of any one or more IMPORTER PRODUCTS, WHOLESALER agrees that it shall have no claim for compensation or cause of action against IMPORTER for damages of any kind whatsoever and this Agreement shall terminate immediately but only with regard to such IMPORTER PRODUCTS that IMPORTER ceases to import.

12. Under the Import Agreement with InBev nv/sa, Anheuser-Busch will use its current network of wholesalers, rather than defendant, to distribute these Brands in the state of Rhode Island.

13. Upon information and belief, C & C Distributors asserts that it has the right to continue selling the European Brands.

14. Section 9.1 of the Distribution Agreement between defendant and InBev USA provides that "[i]n the event of a material breach of this Agreement by IMPORTER,... IMPORTER shall pay to WHOLESALER money as WHOLESALER's sole and exclusive remedy as to IMPORTER and its suppliers of IMPORTER PRODUCTS ...." The agreed-upon method for computing such damages is set forth in Section 9.1 of the Distribution Agreement. In the event the Court determines that the Distribution Agreement did not expire at midnight on January 31, 2007, defendant's remedies are limited by section 9.1 to the payment of liquidated damages.

**COUNT ONE**

*Declaration that Anheuser-Busch Has No Obligation to Supply the European Brands to Defendant*

15. Plaintiffs reallege and incorporate by reference paragraphs 1 through 14.

16. As a result of the Import Agreement and InBev USA's non-renewal as an importer and distributor of the European brands in the United States, Anheuser-Busch has the right to appoint its own wholesalers to distribute the Brands.

17. Based upon the foregoing facts, there presently exists an actual, justiciable controversy between the parties as to whether Anheuser-Busch has any obligation to supply the European Brands to defendant. Anheuser-Busch and InBev USA desire a

judicial determination and a declaration that Anheuser-Busch has no obligation to supply the European Brands to defendant.

**COUNT TWO**

*Declaration that Defendant's Distribution Agreement with InBev USA Has Terminated*

18. Plaintiffs reallege and incorporate by reference paragraphs 1 through 17.

19. Effective midnight January 31, 2007, InBev USA ceased functioning as the United States importer of the European Brands. By its own terms, the Distribution Agreement terminates upon this occurrence.

20. Based upon the foregoing facts, there presently exists an actual, justiciable controversy between the parties as to whether defendant's Distribution Agreement with InBev USA has ended. Anheuser-Busch and InBev USA desire a judicial determination and a declaration that C & C Distributors Distribution Agreement with InBev terminated as a matter of law on February 1, 2007.

**COUNT THREE**

*Declaration of Defendant's Exclusive Remedy Under Its Distribution Agreement with InBev USA*

21. Plaintiffs reallege and incorporate by reference paragraphs 1 through 20.

22. Based upon the foregoing facts, there presently exists an actual, justiciable controversy between the parties concerning the remedies, if any, that are available to defendant under its Distribution Agreement with InBev USA. In the event the Court determines that the Distribution Agreement did not expire at midnight on January 31, 2007, Anheuser-Busch and InBev USA desire a judicial determination and a declaration

that the only remedies available to C & C Distributors are those under its Distribution Agreement with InBev USA.

**PRAYER FOR RELIEF**

WHEREFORE, Anheuser-Busch and InBev USA, pray that the Court declare:

(a) That Anheuser-Busch has no obligation to supply the European Brands to defendant;

(b) That the Distribution Agreement between defendant and InBev USA expired by its own terms as of midnight January 31, 2007;

(c) Alternatively, if the Distribution Agreement did not expire, that defendant's exclusive remedy under that agreement is the payment of liquidated damages;

(d) A determination that these disputes arise in part out of contract and an award of attorney's fees and litigation expenses incurred in connection with these disputes, pursuant to § 19.0 of defendant's Distribution Agreement with InBev USA.

(e) An award of costs; and

(f) For such other and further relief as this Court may deem just and proper.

DATED this 1st day of February, 2007.

Respectfully submitted,

Joseph V. Cavanagh, Jr. (#1139)
Kristin E. Rodgers (#4842)
Blish & Cavanagh
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
jvc@blishcavlaw.com
ker@blishcavlaw.com

Attorneys for Anheuser-Busch, Inc.

Peter E. Moll
Brian D. Wallach
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610
MollP@Howrey.com
WallachB@Howrey.com

Pro Hac Vice Counsel for Anheuser-Busch, Inc.
(pending)

Jeffrey C. Schreck, Esq. (#2428)
99 Wayland Avenue, Suite 200
Providence, RI 02906
Telephone: (401) 421-9600
Facsimile: (866) 587-1527
JSchreck@msn.com

Attorney for InBev USA, LLC