STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. **Filed February 13, 2007** SUPERIOR COURT

COPLEY DISTRIBUTORS, INC. :
CHARLES FRADIN, INC. :
C & C DISTRIBUTORS, INC. :
Plaintiffs :
: C.A. No. PB07-0703
v. :
ANHEUSER-BUSCH, INC., :
InBev U.S.A., LLC, :
InBev NV/SA and :
McLAUGHLIN & MORIN, INC. :

# DECISION

SILVERSTEIN, J.

## Introduction

On February 6, 2007, plaintiffs Copley Distributors, Inc., Charles Fradin, Inc., and C & C Distributors, Inc. commenced this action by filing their verified complaint for injunctive relief and compensatory damages against named defendants (1) Anheuser-Busch, Inc., (2) InBev U.S.A., LLC, (3) InBev NV/SA and (4) McLaughlin & Moran, Inc.

The complaint seeks equitable relief under various provisions of Title 3, Chapter 13, Sections 1 through 12 of the Rhode Island General Laws, the short title of which is the "Beer Industry Fair Dealing Law." The complaint seeks not only equitable and compensatory damages for alleged violations of the last mentioned law, but also seeks, on behalf of plaintiffs as against defendants, a declaration of "rights, status, relations, obligations and contracts of the parties" pursuant to the provisions of the Uniform Declaratory Judgments Act as enacted in Rhode Island Title 9, Chapter 30 of our General Laws. Other counts in the 14 count complaint filed by plaintiff seek relief predicated

cc: DAG
PWH
KM
CF

upon theories of breach of contract, intentional interference with contract rights, civil conspiracy and illegal concert of action, and intentional misrepresentation (not all counts are asserted as against each defendant; however, for the purposes of this decision that fact is of no consequence.)

The relief sought includes *inter alia* a temporary restraining order.

The Court set a preliminary briefing schedule and on the afternoon of February 8, 2007 conducted a hearing with respect not only to defendants' motion to dismiss, but also on the question of whether a temporary restraining order should issue.

All of the defendants, other than defendant InBev NV/SA, appeared and were heard in opposition to plaintiffs' request. InBev NV/SA filed a motion to dismiss pursuant to the provisions of R.I. Rules of Civil Procedure 12 (b)(2) by which that putative defendant claims lack of personal jurisdiction. That matter presently has not been responded to. All defendants, other than InBev NS/SA, assert, in addition to their substantive defenses to the temporary relief sought (i.e. (a) no likelihood of success on the merits/non-applicability of the Beer Industry Fair Dealing Law, and (b) plaintiffs are unable to demonstrate irreparable harm) that this Court at this time either should dismiss this action or stay any further proceedings herein because on February 1, 2007 Anheuser-Busch, Inc. and InBev U.S.A., LLC as plaintiffs, filed suits in the United States District Court for the District of Rhode Island against these defendants (see cases docketed in the records of that court as C.A. 07-047 and C.A. 07-048), both of which cases seek declaratory judgments with respect essentially to the very same issues implicated in the suit pending in this Court, but brought here only after the institution of the United States District Court civil actions.

**Motion to Dismiss or to Stay Proceedings**

For a myriad of reasons there has developed a general rule under which in order to avoid duplicating proceedings pending in another forum, to serve judicial economy, and indeed to obviate the potential for conflicting decisions, a court may exercise its discretion to stay further proceedings before it when already pending in another court of competent jurisdiction is a case involving the same issues, and the same or essentially the same parties. While our Supreme Court does not appear to have been confronted with this issue, a Superior Court rescript from 1985, Syenergy Methods, Inc. v. Heritage Sales Corp., found at 1985 R.I. Super. LEXIS 217 is consistent with that concept.

In reliance upon that Decision in part, defendants ask this Court either to dismiss or to stay these proceedings because they were fleeter of foot and got to the Federal Court House several days prior to the filing of this case.

The United States Supreme Court, in the case of Wilton v. Seven Falls Company, 515 U.S. 277 (United States Supreme Court 1995), dealt with a federal declaratory judgment case involving insurance coverage issues brought in the United States District Court in response to notice that a state court proceeding was going to be instituted by the putative insureds which would encompass the same coverage issues which were the subject of the United States Court filing by the insurer.

While Wilton upheld the exercise of discretion by the federal district court judge in staying the proceedings before it in favor of a parallel state proceeding, this Court believes that its teachings touch directly on the issue presented here before it.

First this Court notes that under the Federal, as well as under the Uniform Declaratory Judgments Act as enacted in this state, the Court has unique and substantial

discretion either to or not to declare litigants' rights. Accordingly, it is not presently certain that the U.S. District Court cases will resolve the controversies presently existing. The state proceeding, as indicated above, contains in addition to the request for declaratory relief, many other counts which this Court must deal with – and cannot, through the exercise of its sound discretion, decline to resolve. Further, this Court notes that in the proceeding at bar essentially the same issues and the same parties are implicated. A substantial issue of necessity will be the interpretation and the applicability of state statutes (the Beer Industry Fair Dealing Law), which have not been the subject of any prior Rhode Island reported decision. The Court notes that while that interpretation and the determination of applicability would, of necessity be introduced into the federal litigation by way of compulsory counterclaim, it is not even referenced in the complaints filed in the Federal District Court cases.

Further this Court believes that under any interpretation of the concept of "parallel proceedings" here the state and federal action are such and will depend ultimately on the determination of common factual questions. Under those circumstances, and consistent with the reasoning set forth by United States District Judge William Smith (before whom the federal cases pend), in Standard Fire Insurance Company v. Gordon, 376 F. Supp 2 218 (U.S. Dist. R.I. 2005), and for the further reason that "priority should not be measured exclusively by which complaint was filed first…" Cone Memorial Hospital v. Mercury Const. Corp., 460 U.S. 1 at 3, this Court declines either to dismiss this case or to stay these proceedings.

**Plaintiffs' Request for Temporary Relief**

Turning now to plaintiffs' request for temporary injunctive relief, this Court finds that based on the verified complaint, the various affidavits submitted to it, the memoranda (however, denominated, whenever and by whoever filed) as well as argument of counsel that the facts before it for the purpose of plaintiffs' present request are as follows:

1. Plaintiffs each are Rhode Island corporations.

2. Defendant Anheuser-Busch, Inc. is a Missouri corporation qualified to do business in Rhode Island, which on or about November 30, 2006 entered into an Import Agreement with defendant InBev NV/SA to become exclusive United States importer of 19 certain brands of beer brewed in Europe by defendant, InBev NV/SA.

3. The 19 brands of beer which are subject to the Import Agreement formerly were exclusively imported into the United States by defendant InBev U.S.A., LLC, a Delaware limited liability company with a principal place of business in Norwalk, Connecticut.

4. Defendant, InBev U.S.A., LLC is a wholly owned subsidiary of defendant InBev NV/SA.

5. Plaintiffs each, heretofore, have been wholesalers in Rhode Island pursuant to written agreements with InBev U.S.A., LLC of the European beers which pursuant to the Import Agreement between Anheuser-Busch, Inc. and InBev NV/SA now will be solely imported and distributed in the United States by Anheuser-Busch.

6. Anheuser-Busch, Inc. has appointed McLaughlin & Moran, Inc., a Rhode Island corporation as the exclusive wholesaler in Rhode Island with respect to the 19

European beers referred to above. McLaughlin & Moran, Inc. has been the sole wholesaler in Rhode Island of products brewed by and distributed by Anheuser-Busch, Inc.

7. As of February 1, 2007 InBev U.S.A., LLC no longer is an importer of the 19 European beers hereinbefore referred to.

8. Each of the plaintiffs is a wholesaler within the State of Rhode Island of other alcoholic beverages.

The present action to some extent tests the scope of the provisions of Title 3, Chapter 13 of our General Laws. That Chapter as indicated herein is referred to as the "Beer Industry Fair Dealing Law" and to some extent governs the relationship between and among suppliers and wholesalers of malt beverages as defined pursuant to the provisions of Chapter 1 of Title 3. If a relationship or transaction falls within the purview of the Beer Industry Fair Dealing Law, then the relationship between a supplier as defined in § 3-13-1(5) and a wholesaler as defined in § 3-13-1(8), and the ability of a supplier as defined in the Act to terminate the relationship with a wholesaler as defined in the Act is severely circumscribed, and the wholesaler is provided substantial protections with respect to the supplier's ability either to terminate the relationship or the supplier's ability to decline to renew such relationship. The protections afforded specifically include equitable relief on behalf or in favor of the wholesaler. Here, there can, of course, be no question but that plaintiffs have been wholesalers within the contemplation of § 3-13-1(8) and that InBev U.S.A., LLC heretofore has been a supplier within the contemplation of § 3-13-1(5).

Also of some consequence are the provisions of § 3-13-2(a) which articulate that the entire chapter, that is to say, the Beer Industry Fair Dealing Law, is to be liberally construed and applied so as to promote its major purposes and policies. Those policies and purposes are set forth in § 3-13-2(b) in sub-paragraphs (1) through (4), and in fact in paragraph §3-13-2(c) it is provided that the affect of the chapter is not to be varied by agreement and further that any agreement purporting to vary the provisions of the statute should be deemed void and unenforceable to that extent. Among the purposes and policies set forth in § 3-13-2 (b) is found the following:

> "To protect wholesalers substantial initial and continuing investments of money, time and effort in their distributorships to stimulate greater investment of those resources in the small businesses by assuring their continuation on a fair, equitable and non-discriminatory basis…"

Plaintiffs here argue that the termination by parent InBev NV/SA of the importing agreements between it and its wholly owned subsidiary InBev U.S.A., LLC with the result *inter alia* of terminating any rights of plaintiffs to continue as wholesalers with respect to the Europeans beers is inconsistent with the provision of the Beer Industry Fair Dealing Law.

Defendants, on the other hand, take the position that despite the mandate of the legislature requiring liberal construction, this Court does not have a license to legislate to fill any gaps found in the Beer Industry Fair Dealing Law. Defendants tell the Court that nothing in the Act precludes a termination by InBev, NV/SA of its agreement with its wholly owned subsidiary and that once that agreement was terminated there was no prohibition which would preclude InBev NV/SA from entering into a new Import Agreement as reflected in (2) on page 5 above. Defendants take the position that that

arrangement is outside the scope of the Beer Industry Fair Hearing Law and that Anheuser-Busch has not become a "successor-in-interest" to InBev U.S.A., LLC, a supplier under the provisions of § 3-13-1(5).

Plaintiffs here seek a temporary restraining order predicated on the statute itself reminding the Court that § 3-13-7(c) appears to provide in the event of litigation (or arbitration) for a period not to exceed one year where essentially, they argue, the status quo (meaning the situation prior to the termination or failure to renew in their favor occurs) is to continue. Plaintiffs also rely on § 3-23-11(b) as further authority for the temporary relief here sought by them (in fact, plaintiffs would contend that the referenced sections are the basis for up to a full year's maintenance of the status quo).

Further, and in addition to the relief that plaintiffs feel is afforded to them by the above cited sections, they further rely on the Court's general equity power by which the Court in the exercise of its sound discretion may grant temporary equitable relief. See Fund For Community Progress v. United Way of Southeastern New England, 695 A.2d 517, at 521 (R.I. 1997).

That case requires *inter alia* a showing of a reasonable likelihood of succeeding on the merits of its claim by plaintiffs, and a determination that plaintiffs stand to suffer some irreparable harm.

Clearly either in order to demonstrate under the facts here that there is a reasonable likelihood of success on the merits under the Court's General Equity Power or to come within the terms of the Fair Dealing Law, plaintiffs must show that the Beer Industry Fair Dealing Law is implicated. Plaintiffs attempt to do this by claiming that their supplier, InBev U.S.A., LLC as a wholly owned subsidiary of InBev NV/SA is

controlled by it from that they argue that InBev NV/SA as well as Anheuser-Busch, Inc. are successors-in-interest within the contemplation of said Fair Dealing Law and that a temporary restraining order at least should issue requiring Anheuser-Busch, Inc. to distribute the European beers, during the pendency of the court order, only through plaintiffs.

This Court finds that the issue of control is fact intensive and that plaintiffs have yet to make out their case on that issue. Accordingly, the Court denies at this time plaintiffs' request for temporary relief; however, the Court orders that this matter be set down for hearing on plaintiffs' request for preliminary injunctive relief as soon as (but with not less than five court days prior notice to defendants) expedited discovery on the issue of the relationship between InBev U.S.A., LLC and its parent which *inter alia* shall deal with control of decision making by and at InBev U.S.A., LLC is completed.

An order or orders consistent herewith shall be settled upon notice.