UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANHEUSER-BUSCH, INC. a Missouri Corporation, and INBEV USA, LLC, a Delaware limited liability company, Plaintiffs, | : | |
| v. | : | C.A. No. 07-047S |
| C & C DISTRIBUTORS, INC., A Rhode Island Corporation, Defendant | : | |

**DEFENDANT'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TO STAY THIS ACTION**

Defendant, C&C Distributors, Inc. ("C&C"), hereby moves this Court to Dismiss, or in the alternative, to stay this action. In support thereof Defendant submits its Memorandum filed herewith.

Respectfully submitted,

C&C DISTRIBUTORS, INC.

By its Attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

*/s/ Preston W. Halperin*
Preston W. Halperin, RI Bar No. 5555
Douglas A. Giron, RI Bar No. 2943
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (facsimile)

February 27, 2007

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February 2007, I have caused a true and accurate copy of the within Defendant's Motion to Dismiss, or in the Alternative to Stay this Action to be served via electronic transmission upon the following counsel of record:

(for Anheuser-Busch, Inc.)
Joseph V. Cavanagh, Jr., Esquire
Kristin Rodgers, Esquire
Blish & Cavanagh
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765
jvc@blishcavlaw.com
ker@blishcavlaw.com

(for InBev)
Jeffrey C. Schreck, Esquire
99 Wayland Avenue
Suite 200
Providence, RI 02906-4314
jschreck@msn.com
and
Angel Taveras, Esquire
127 Dorrance St.
Providence, RI 02903
ataveras@ctpllp.com

Brian A. Goldman, RI Bar No. 3940
681 Smith Street
Providence, RI 02908
goldlaw@cox.net

*/s/ Preston W. Halperin*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANHEUSER-BUSCH, INC. a Missouri Corporation, and INBEV USA, LLC, a Delaware limited liability company, Plaintiffs, v. C & C DISTRIBUTORS, INC., A Rhode Island Corporation, Defendant | : | C.A. No. 07-047S |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY THIS ACTION**

While the defendant, C&C Distributors, Inc. ("C&C"), a Rhode Island distributor of alcoholic beverages, was in the midst of preparing its papers to commence an action before the Rhode Island Superior Court seeking relief under the Beer Industry Fair Dealing Law[1] (the "Act"), plaintiffs Anheuser-Busch, Inc. ("A-B") and InBev USA, LLC ("InBev USA") fired a preemptive strike in this Court in which they sought declaratory judgments that they were not obligated to sell to the defendant certain beer brands brewed by InBev USA's parent, InBev nv/sa ("InBev Europe").[2] Several days after this action was filed, C&C filed its Rhode Island state court complaint, in the Superior Court, as it was required to do under the Act[3].

Because plaintiffs seek only declaratory relief from this Court, this action is subject to dismissal or stay under the doctrine enunciated by the United States Supreme Court in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Alternatively, the Court should stay this action pending the outcome of the state court proceeding.

---

[1] Rhode Island General Laws § 3-13-1, et seq.

[2] A-B did not limit its litigious zeal solely to the defendant. The federal court complaints appear to be part of a coordinated strategy to avoid the previously existing distribution agreements of InBev USA in several states. In addition to the Rhode Island federal filings, A-B has commenced similar actions in the federal courts in Arizona, Louisiana, and Ohio asking those federal courts to declare that the wholesalers' distribution agreements have expired, and that A-B has no obligation to supply the brands.

[3] Rhode Island General Laws § 3-13-11(a)

## ARGUMENT

A. The Parallel Action in State Court.

A-B and InBev USA responded to the state court action by filing a motion to dismiss or to stay the state court proceeding, which was denied. *See* Decision dated February 13, 2007 attached hereto as Exhibit A. In addition, the parties have submitted hundreds of pages of briefs and exhibits regarding C&C's motion for a temporary restraining order. Although Judge Silverstein initially denied C&C's motion for a restraining order, the Court has scheduled a hearing on C&C's motion to reconsider for March 1, 2007. Finally, Judge Silverstein has ordered the parties to proceed with expedited discovery. Attached hereto as Exhibit B is a copy of C&C's request for production of documents and notices of depositions.

A-B and InBev USA's federal actions and the state court action do not have the same parties, do not raise the same claims, and are otherwise not identical. Specifically, the federal court action ignores the Act, and does not involve the participation of A-B's intended distributor, McLaughlin & Moran, Inc., or InBev USA's parent, InBev nv/sa. The state court action, in contrast, is far more comprehensive, raises all of the statutory, contract and other claims among the parties, and seeks relief under the Act, which plaintiffs can only seek in the Superior Court.[4] Nevertheless, the pending state court proceeding is a "parallel" proceeding for purposes of this Court's analysis of whether to refuse jurisdiction in the face of a parallel state court proceeding. In this regard, this Court has accepted the broad definition of "parallel" enunciated by the Ninth Circuit:

---

[4] In its unsuccessful motion to dismiss or stay the state court action, A-B argued that the parties are *not* required to file an action to enforce the Act in the state superior court, based upon the use of the word "may" and not "shall" in § 3-13-11(a). However, a reading of the entire statute (including § 3-13-7(b) and (c) regarding damages and arbitration, which explicitly refer to the Rhode Island superior court) makes it clear that the use of the word "may" in § 30-13-11(a) merely reflects the intention that the affected party is not *required* to bring an action at all, but may agree to arbitration or settlement. However, any civil action under the Act must be brought in the R.I. superior court. § 3-13-11(d).

> the fact that a federal and state action do not involve identical parties or issues is not dispositive . . . . Rather, there only need be an "overlap of factual questions between the two actions" and an available "procedural vehicle" in state court by which the federal plaintiff, even if not a party in the state action, may resolve the issues raised in the federal action.

*Standard Fire Insurance Co. v. Gordon*, 376 F.Supp.2d 218 (2005) (*quoting Midmarc Ins. Co. v. Berkeley Props.*, 2003 U.S. Dist. LEXIS 7222, No. C 03-0259 MMC (N.D. Cal. Apr. 29, 2003), *Poldio v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997).

B. <u>This Court Should Stay or Dismiss the Federal Declaratory Judgment Action</u>.

There is a well-established rule that an action for declaratory relief is subject to dismissal or stay due to the pendency of the state court action. Concededly, the "general rule is that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them." *Aetna Casualty & Surety Co. v. Kelly*, 889 F. Supp. 535, 538 (D.R.I. 1995)(quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). However, in the context of declaratory judgment actions brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, the general rule does not apply, inasmuch as a federal "district court 'may' award declaratory relief but is 'under no compulsion to exercise [its] jurisdiction.'" *Aetna, supra*, 889 F. Supp. At 539 (quoting *Brillhart v, Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)). In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the United States Supreme Court enunciated the rule that federal district courts have discretion to determine whether to stay a declaratory judgment action when related state litigation is pending.

As the *Wilton* court stated:

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within

> their jurisdiction yields to considerations of practicality and wise judicial administration.

515 U.S. at 288. Accordingly, the *Wilton* court followed the ruling in *Brillhart* that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 515 U.S. at 282 (quoting *Brillhart, supra*, 316 U.S. at 495).

The *Wilton* court, adopting the reasoning of the *Brillhart* court, identified certain factors which a federal district court should consider in deciding whether to stay a federal declaratory relief action in favor of a pending state action. In this regard, a federal district court should examine "the scope of the pending state court proceeding and the nature of defenses open there." 515 U.S. at 283. That inquiry, "in turn, entails consideration of 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" *Id.* (quoting *Brillhart, supra*, 316 U.S. at 495). Ultimately, "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference,' if it permitted the federal declaratory judgment action to proceed." *Wilton, supra*, 515 U.S. at 283 (quoting *Brillhart, supra*, 316 U.S. at 495).

Recently, this Court recognized that *Wilton* governed the issue of whether the federal court should stay an action during the pendency of a state court action between the parties. *Standard Fire Ins. Co. v. Gordon*, 376 F. Supp.2d 218, 223-25 (D.R.I. 2005). The Court noted that the "question for a district court presented with a suit under the Declaratory Judgment Act . . . is 'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding

pending in the state court.'"*Id.* (quoting *Brillhart, supra*, 316 U.S. at 495). The Court also acknowledged that the federal district court "should look for guidance to the scope of the pending state court proceeding, the available state court defenses," and should inquire whether "the claims of all parties in interest can be settled in the state court proceeding." 376 F. Supp.2d at 224. The Court concluded by noting with approval that where parallel proceedings "presenting opportunity for ventilation of the same state law issues [are] underway in state court," such "considerations 'clearly support[]' a district court's decision to stay or dismiss a declaratory judgment action. *Id.* (quoting *Wilton*, 515 U.S. at 282 and *Brillhart*, 316 U.S. at 495).

Applying the foregoing principles to this case, it is clear that this Court has the discretion to dismiss or to grant a stay of this action, so that the more comprehensive state court proceeding can proceed as the sole action between the parties. Plainly, the state court raises all of the contractual issues raised in the federal court complaints, and also raises various important issues omitted from the federal cases as to whether the defendants have violated the Act or committed other unlawful acts under state law. This state court action has all of the same parties involved in this action and with the addition of two other parties, A-B's intended distributor, McLaughlin & Moran and InBev USA's parent, InBev nv/sa. A-B and InBev can just as easily seek their declaratory relief as a counterclaim in the state court proceeding.[5] Under the circumstances, it is clear that there are parallel proceedings in the state court "presenting an opportunity for ventilation of the same state law issues" raised in this court. As such, allowing this action to proceed would be "uneconomical and vexatious," thus "clearly supporting" a decision to stay or dismiss this proceeding.

[5] In contrast, defendant herein may not be able to assert all of their claims in federal court, inasmuch as the Act requires claims seeking to remedy violations of the Act or to enforce rights under the Act to be brought in superior court. R.I. Gen. Laws § 3-13-11(a).

A-B and Inbev's attempts to distinguish the Supreme Court's broad holding in *Wilton*, as well as this Court's holding in *Standard Fire Insurance Co. v. Gordon*, from the facts of the case at bar are unavailing. Contrary to the plaintiffs' suggestion in their memoranda in support of their opposition to Defendants' motion to enlarge time, the *Wilton* Court did not decline "to apply the first-filed rule where that status was achieved only because one party rushed to the courthouse only after the other party gave notice of its intentions to sue." Indeed, the *Wilton* decision has absolutely nothing to do with either the so-called first-filed rule or the issue of whether notice was given. *See* discussion *supra*. The *Wilton* Court did not even consider where the action was first filed to be a factor that a district court should consider in determining whether to exercise its discretion in dismissing or staying a declaratory judgment action. Likewise, contrary to plaintiffs' characterization, the District Court (Smith, J.) in *Standard Fire Insurance Co. v. Gordon*, never even mentioned the first-filed rule, and gave little weight to the fact of who filed first:

> [T]he order in which jurisdiction was obtained by the federal and state courts is of little consequence in this case, where the declaratory judgment action was brought just three months after the underlying tort suit, and where, as [defendant] admits, no substantial discovery has taken place in either action.

376 F. Supp. at 233.

In the First Circuit, the first-filed rule only governs the choice of venue when identical actions are proceeding concurrently in two *federal* courts. *See Feinstein et al. v. Brown*, 304 F.Supp.2d 279, 282 (2004) ("The first-filed rule, as applied in the First Circuit, typically governs the choice of venue when identical actions proceed concurrently in two federal courts.") Furthermore, even when the rule applies, the first-filed presumption can be overcome by a number of factors. *Id.* at 283. For example, when the first-filed action is the result of a preemptive "race to the courthouse," a court may allow a later-filed case to proceed in place of

the first-filed action. *Id.* The first-filed rule simply does not help the plaintiffs under the circumstances of this case.

## CONCLUSION

For all of the foregoing reasons, this Court should grant defendant's motion to dismiss or in the alternative to stay this case. Because A-B and InBev USA's federal actions merely seek the discretionary relief of declaratory judgments, well-established federal law dictates that the federal court should decline to exercise jurisdiction at this time.

Respectfully submitted,

C&C DISTRIBUTORS, INC.

By its Attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

/s/ *Preston W. Halperin*
Preston W. Halperin, RI Bar No. 5555
Douglas A. Giron, RI Bar No. 2943
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (facsimile)

February 27, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February 2007, I have caused a true and accurate copy of the within Memorandum in Support of Motion to Dismiss, or in the Alternative, to Stay this Action, to be served via electronic mail to:

(for Anheuser-Busch, Inc.)
Joseph V. Cavanagh, Jr., Esquire
Kristin Rodgers, Esquire
Blish & Cavanagh
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765
jvc@blishcavlaw.com
ker@blishcavlaw.com

(for InBev)
Jeffrey C. Schreck, Esquire
99 Wayland Avenue
Suite 200
Providence, RI 02906-4314
jschreck@msn.com
and
Angel Taveras, Esquire
127 Dorrance St.
Providence, RI 02903
ataveras@ctpllp.com

Brian A. Goldman, RI Bar No. 3940
681 Smith Street
Providence, RI 02908
goldlaw@cox.net

*/s/ Preston W. Halperin*