IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Anheuser-Busch, Inc., a Missouri corporation, and InBev USA, LLC, a Delaware limited liability company, Plaintiffs, | ) | |
| vs. | ) | C.A. No. 07-047-S |
| C & C Distributors, Inc., a Rhode Island corporation, Defendant. | ) | |

**PLAINTIFF ANHEUSER-BUSCH, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY THIS ACTION**

Now comes plaintiff Anheuser-Busch, Inc. ("Anheuser-Busch") and hereby objects to defendant's Motion to Dismiss, or In the Alternative, to Stay This Action. In support hereof, Anheuser-Busch relies on the accompanying memorandum.

DATED this 14th day of March, 2007.

Respectfully submitted,

*/s/ Kristin E. Rodgers*
Joseph V. Cavanagh, Jr. (#1139)
Kristin E. Rodgers (#4842)
Blish & Cavanagh
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
jvc@blishcavlaw.com
ker@blishcavlaw.com

Attorneys for Anheuser-Busch, Inc.

Peter E. Moll
Brian D. Wallach
Timothy T. Finley
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610
MollP@Howrey.com
WallachB@Howrey.com

Pro Hac Vice Counsel for Anheuser-Busch, Inc.

**CERTIFICATION**

I hereby certify that on the 14th day of March, 2007, an exact copy of the within document was submitted to the Electronic Filing System of the United States District Court for its distribution to all counsel of record identified below, as well as delivered by hand to the following counsel of record:

Preston W. Halperin, Esq.
Douglas A. Giron, Esq.
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
pwh@shslawfirm.com
dag@shslawfirm.com

Brian A. Goldman, Esq.
Goldman Law Offices
681 Smith Street
Providence, RI 02908
goldlaw@cox.net

Jeffrey C. Schreck, Esq.
99 Wayland Avenue, Suite 200
Providence, RI 02906
jshcreck@msn.com

Angel Taveras, Esq.
127 Dorrance Street
Providence, RI 02903
ataveras@ctpllp.com

*/s/ Kristin E. Rodgers*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Anheuser-Busch, Inc., a Missouri corporation, and InBev USA, LLC, a Delaware limited liability company,

Plaintiffs,

vs.

C & C Distributors, Inc., a Rhode Island corporation,

Defendant.

C.A. No. 07-047-S

**PLAINTIFF ANHEUSER-BUSCH, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY THIS ACTION**

Rather than prepare a responsive pleading in this first-filed case, C&C Distributors, Inc. ("Defendant" or "C&C") engaged in forum shopping by filing a duplicative action in Rhode Island Superior Court. The claims in defendant's state court complaint are all compulsory counterclaims in this federal case pursuant to Fed. R. Civ. P. 13(a), because they all arise out of the same transaction or occurrence—plaintiff Anheuser-Busch, Inc.'s ("Anheuser-Busch") acquisition of importation rights for the European Brands—that is the subject of this declaratory judgment action. Contrary to defendant's argument, this Court has jurisdiction over any state law claim C&C may wish to bring. The Court should bar defendant's attempts at forum shopping by denying the motion, thereby fulfilling the Court's "virtually unflagging obligation" to exercise jurisdiction.

**FACTUAL BACKGROUND**

Pursuant to an Import Agreement entered with InBev sa/nv, a Belgian corporation, on November 30, 2006, Anheuser-Busch became the sole and exclusive United States importer of 19 brands of beer brewed by InBev sa/nv in Europe (the

"European Brands" or "Brands") on February 1, 2007.[1] As a result, Anheuser-Busch now has the exclusive right to distribute and sell, among other things, the Brands in the United States, as well as the authority to appoint wholesalers for the Brands, subject to any applicable laws. Prior to its termination by InBev sa/nv on January 31, 2007, plaintiff InBev USA, LLC ("InBev USA") was the national importer for the European Brands. InBev USA has since exited the business of importing and supplying the Brands throughout the United States. During the time that it was the national importer of the Brands, InBev USA supplied defendant with one of the Brands, Bass Ale. Defendant distributes many other brands of beer that are brewed by Anheuser-Busch's competitors.[2] These other brands comprise a large majority of defendant's sales.

On February 1, 2007, Anheuser-Busch and InBev USA filed two separate lawsuits in this Court against defendant and against Copley Distributors, Inc (collectively, the "federal defendants"). Each action seeks a declaration that the Distribution Agreements between each of the wholesalers and InBev USA expired by their own terms as of midnight January 31, 2007, and that Anheuser-Busch has no obligation to supply the European Brands to these wholesalers after February 1st.

The federal complaints were filed on February 1st and served on C&C and Copley on February 2nd. On February 6, the federal defendants filed a duplicative state court action that raises the ***same issue*** presented in the federal cases—whether Anheuser-Busch has any obligation to supply the wholesalers with the European Brands after February 1st— and relates to the ***same transactions***—the Distribution Agreements between these wholesalers and InBev USA and the Import Agreement that gives Anheuser-Busch the exclusive importation rights for these products as of February 1,

---

[1] These include Stella Artois, Beck's Pilsner, Beck's Premier Light, Beck's Dark, Beck's Oktoberfest, Beck's Non-Alcoholic malt beverage, Bass Ale, Boddingtons Pub Ale, Hoegaarden, Lowenbrau Original, Lowenbrau Dark, Lowenbrau Oktoberfestbier, Leffe Blonde Ale, Leffe Brown Ale, Belle Vue Kriek, Belle Vue Gueze, Belle Vue Framboise, Staropramen, and Tennents Lager.

[2] C&C Distributors also carries Coors, Heineken, Guinness, Pabst, Sierra Nevada, Molson, and Schlitz brands of malt beverages.

2007. In furtherance of its forum-shopping strategy, C&C has spurred the state action along, while simultaneously attempting to stall this federal action by filing an "emergency" motion for extension of time, and now this motion to dismiss or stay.

**ARGUMENT**

**A. The Court Should Exercise Its Discretion To Proceed With This Action, Instead of Rewarding Defendant's Forum-Shopping Strategy**

"[I]t is commonly said that the jurisdiction which is to be preferred is the one which first attaches." *Hayes Indus., Inc. v. Caribbean Sales Assocs., Inc.*, 387 F.2d 498, 500 (1st Cir. 1968). Here, the federal action was filed first, and defendant chose to engage in forum shopping by filing duplicative state court litigation five days later.[3] "[F]ederal courts have a 'virtually unflagging' obligation to exercise the jurisdiction conferred on them by Congress." *DeNovellis v. Shalala*, 124 F.3d 298, 313 (1st Cir. 1997) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 284 (1995)). This Court should not find an exception to its obligation in this case, because doing so would reward the forum-shopping strategy employed by defendant.

Defendant relies on *Wilton*, but ignores the facts that prompted the decision to stay in that case. The District Court's order staying that action was prompted by the federal plaintiff's forum-shopping strategy. In *Wilton*, a group of policyholders notified their insurer of their intention to file suit in Texas state court. The very next day, the insurer filed a declaratory judgment action against the policyholders in the Southern District of Texas. The policyholders moved to dismiss or stay the federal action. The District Court granted the motion, determining that "a stay was warranted in order to avoid piecemeal litigation and ***to bar [the insurer's] attempts at forum shopping***." 515 U.S. at 280 (emphasis added). The Court of Appeals found no abuse of discretion and affirmed, also citing the interest of ***avoiding forum shopping***. *Id.* at 281. Upon review,

[3] Defendant's contention that Anheuser-Busch "fired a preemptive strike" by racing to the courthouse is without merit. *See* Section B of this Memorandum.

the Supreme Court held generally that a district court's decision about the propriety of hearing declaratory judgment actions should be reviewed for abuse of discretion. *Id.* at 290. More narrowly, the Court affirmed the decision to stay, concluding "only that the District Court acted within its bounds in staying ***this*** action for declaratory relief." *Id.* at 291 (emphasis added).

The Supreme Court's narrow holding that there was no abuse of discretion ***upon the facts presented*** necessarily takes into account the fact that the insurer filed the federal case for the sole purpose of forum shopping. Here, defendant seeks to use the decision to stay in *Wilton*—which was intended to bar the insurer's attempts at forum shopping—to defend and reward its own forum-shopping strategy. The decision in *Wilton* should not be misapplied to countenance such tactics.

Likewise, the decisional law of this Court should not be used as a tool to justify forum shopping. Defendant argues that its state court action is more comprehensive and further developed than this federal action, and that these factors warrant a stay of this case under *Standard Fire Insurance Co. v. Gordon*, 376 F. Supp. 218, 233 (D.R.I. 2005). Defendant's argument that the state case is superior due to its inclusion of additional claims or parties misses the point. Defendant's state court complaint is composed entirely of claims that are compulsory counterclaims in this first-filed federal action pursuant to Fed. R. Civ. P. 13(a).[4] Furthermore, to the extent defendant seeks to add additional parties in the instant case, such joinder would be consistent with this Court's jurisdiction. *See, e.g., State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579-81 (5th Cir. 2004) (where federal court's original jurisdiction was based solely on diversity, the court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law claims brought by defendant against a nondiverse third party joined by the defendant, notwithstanding the lack of diversity between those two parties). Rather than file a responsive pleading,

[4] Contrary to defendant's erroneous assertions, this Court has jurisdiction over those state law claims. *See* Section C of this Memorandum.

defendant has attempted to stall this case while simultaneously insisting upon swift action in state court, so that defendant can argue that the state action is farther along than this case. The decision in *Standard Fire*—which denied the defendant's motion to dismiss or stay—should not be distorted to validate such a strategy.

As this Court has explained, a "forgiving, discretionary standard governs a district court's decision to stay or dismiss a declaratory action." *Id.* at 223. The considerations of "practicality and wise judicial administration," *id.* at 224, should not be employed to reward forum shopping. "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Wilton*, 515 U.S. at 284 (quoting *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978)). While "***ordinarily***" it may be uneconomical for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court, *id.* at 282 (emphasis added), this is no ordinary case. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Id.* Refusing to entertain this federal action would be to acquiesce to defendant's forum-shopping strategy. It was no abuse of discretion for the District Court in *Wilton* to grant a stay to discourage forum shopping, and it would be no abuse of discretion here to deny the motion to stay in order to accomplish the same goal.

**B. Defendant's State-Court Filing Was Prompted By This Federal Action**

C&C's accusation that Anheuser-Busch "fired a preemptive strike" by filing this declaratory judgment action while defendant "was in the midst of preparing their papers" to sue in state court is flatly contradicted by the affidavit submitted in the state court proceedings by Kenneth J. Mancini, President of C&C Distributors. In Mancini's affidavit in support of the wholesalers' motion for temporary restraining order, Mancini twice avers that it was "not until after February 1, 2007" that C&C knew that there was a question regarding its distribution of the European Brands. (*See* Aff. of Mancini, ¶ 9)

("it was not until after February 1, 2007 that we learned that we would be unable to order product from A-B's website"); (*id.*, ¶ 10) ("until after February 1, 2007, we did not know that our distribution rights were in jeopardy").[5]

Anheuser-Busch and InBev USA filed this federal action on February 1, 2007. C&C has not alleged that it provided Anheuser-Busch with notice that it intended to initiate state court litigation. Thus, Anheuser-Busch did not "race to the courthouse," as C&C claims. Rather, upon being served with the federal complaint, defendant ran to Superior Court and filed a duplicative action in the hope of securing what defendant perceives to be a more favorable forum. Such a strategy should not be rewarded.

### C. This Court Has Jurisdiction Over Potential State Law Claims

#### 1. Any claim under the Rhode Island Beer Industry Fair Dealing Law may be heard in federal court.

Contrary to defendant's repeated argument,[6] the plain language of the Rhode Island Beer Industry Fair Dealing Law (the "Act") does ***not*** require that claims under the Act be brought in Superior Court. Rather, the relevant provision provides that an "affected party ***may*** maintain a civil action in the superior court." R.I. Gen. Laws § 3-13-11(a) (emphasis added). This permissive, rather than mandatory, language leaves no room for interpretation. When construing a statute, "[i]f the meaning of the language is clear, [the Court's] inquiry need go no further." *United States v. Davis*, 261 F.3d 1, 61 (1st Cir. 2001). While the meaning of statutory language depends on context, *id.*, a review of the entire Act does not alter the conclusion that the Superior Court does ***not*** have exclusive jurisdiction over controversies implicating the Act.

Furthermore, even if the Act did purport to vest exclusive jurisdiction in the state courts, such a provision would be unconstitutional. "A state has no right to limit a federal court's jurisdiction." *Duffy v. Sarault*, 702 F. Supp. 387, 394 (D.R.I. 1988) (Boyle, C.J.);

[5] A copy of Mancini's affidavit as attached hereto as Exhibit A.

[6] *See, e.g.*, Def.'s Mem. at 1, 2, 2 n.4, & 5 n.5.

*see also Ry. Co. v. Whitton's Adm'r*, 80 U.S. 270 (1872) (holding that where a general right is conferred by state statute, "it can be enforced in any Federal court within the State having jurisdiction of the parties. ***It cannot be withdrawn from the cognizance of such Federal court by any provision of State legislation that it shall only be enforced in a State court.*** . . . Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and ***the jurisdiction of the court, in such case, is not subject to State limitation***") (emphasis added); *Hayes Indus., Inc. v. Caribbean Sales Assocs., Inc.*, 387 F.2d 498, 500 (1st Cir. 1968) (stating that "[o]ur federal system is not consistent with any attempt to restrict litigation to local courts," and any such "limitation would be unconstitutional"); *Rhode Island Solid Waste Mgmt. Corp. v. Commercial Union Ins. Co.*, C.A. No. 89-0554P, 1990 U.S. Dist. Lexis 12725, at *4 (D.R.I. July 25, 1990) ("a state statute cannot limit federal subject matter jurisdiction").

Defendant's argument that "any civil action under the Act must be brought in the R.I. superior court"[7] is contrary to precedent established by the United States Supreme Court, the United States Court of Appeals for the First Circuit, and the United States District Court for the District of Rhode Island. Any claim under the Act may be heard by this Court.

**2. Exercising jurisdiction is proper and consistent with the purposes and policies underlying the Court's diversity jurisdiction.**

This Court has jurisdiction over the parties pursuant to Article III, Section 2 of the United States Constitution, and 28 U.S.C. § 1332. In this case, C&C has filed duplicative litigation in state court, presumably because it perceives the state forum to be more favorable. This strategy directly implicates the original purpose for the grant of diversity jurisdiction. As Chief Justice Marshall explained:

[7] Def.'s Mem. at 2 n.4.

> The judicial department was introduced into the American constitution under impressions, and with views, which are too apparent not to be perceived by all. However true the fact may be, that the tribunals of the states will administer justice as impartially as those of the nation, to parties of every description, it is not less true that the constitution itself either entertains apprehensions on this subject, or views with such indulgence the possible fears and apprehensions of suitors, that it has established national tribunals for the decision of controversies between aliens and a citizen, or between citizens of different states.

*Bank of United States v. Deveaux*, 9 U.S. 61, 87 (1809). By exercising its jurisdiction here, the Court would fulfill the policies behind the grant of diversity jurisdiction, and reject defendant's strategy, which is nothing more than a flagrant example of forum shopping aimed at achieving "home-court advantage." *Cf. Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) (holding that under 28 U.S.C. § 1404(a), there was no abuse of discretion in transferring later-filed New Hampshire action to Maine, where the second-filed New Hampshire action "indicated a quick response to [the] Maine suit, designed to get home-court advantage").

**3. The claims in defendant's state court complaint are all compulsory counterclaims in this federal action pursuant to Fed. R. Civ. P. 13(a).**

To the extent C&C has statutory or common-law claims it wishes to pursue related to Anheuser-Busch's acquisition of importation rights for the European Brands, they can and should be filed as compulsory counterclaims in this first-filed federal litigation. Under Federal Rule of Civil Procedure 13(a), any claim that "arises out of the transaction or occurrence" that is the subject matter of pending federal litigation must be filed in that federal litigation, or the claimant will be precluded from bringing the claim in the future. *See* Fed. R. Civ. P. 13(a). The claims in defendant's state court complaint are all compulsory counterclaims in this federal case pursuant to Rule 13(a), because ***they all arise out of the same transaction or occurrence***—Anheuser-Busch's acquisition of importation rights for the European Brands—that is the subject of this declaratory

judgment action. By raising these compulsory counterclaims in a duplicative later-filed state action, C&C is attempting to avoid the jurisdiction of this Court.

## CONCLUSION

Defendant's tactical maneuvering and forum shopping should not be rewarded. This Court was the first to obtain jurisdiction over this dispute, and should proceed with the case. Accordingly, the motion to dismiss or stay should be denied, and C&C should be required to answer the complaint.

DATED this 14th day of March, 2007.

Respectfully submitted,

*/s/ Kristin E. Rodgers*

Joseph V. Cavanagh, Jr. (#1139)
Kristin E. Rodgers (#4842)
Blish & Cavanagh
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
jvc@blishcavlaw.com
ker@blishcavlaw.com

Attorneys for Anheuser-Busch, Inc.

Peter E. Moll
Brian D. Wallach
Timothy T. Finley
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610
MollP@Howrey.com
WallachB@Howrey.com

Pro Hac Vice Counsel for Anheuser-Busch, Inc.

**CERTIFICATION**

I hereby certify that on the 14th day of March, 2007, an exact copy of the within document was submitted to the Electronic Filing System of the United States District Court for its distribution to all counsel of record identified below, as well as delivered by hand to the following counsel of record:

Preston W. Halperin, Esq.
Douglas A. Giron, Esq.
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
pwh@shslawfirm.com
dag@shslawfirm.com

Brian A. Goldman, Esq.
Goldman Law Offices
681 Smith Street
Providence, RI 02908
goldlaw@cox.net

Jeffrey C. Schreck, Esq.
99 Wayland Avenue, Suite 200
Providence, RI 02906
jshcreck@msn.com

Angel Taveras, Esq.
127 Dorrance Street
Providence, RI 02903
ataveras@ctpllp.com

*/s/ Kristin E. Rodgers*