IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANHEUSER-BUSCH, INC. a Missouri Corporation, and INBEV USA, LLC, a Delaware limited liability company, Plaintiffs, | : | |
| v. | : | C.A. No. 07-047S |
| C & C DISTRIBUTORS, INC., A Rhode Island Corporation, Defendant | : | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY THIS ACTION**

Plaintiffs, Anheuser-Busch, Inc. ("A-B") and InBev USA, LLC. ("InBev USA") (or collectively referred to hereafter as "Plaintiffs") oppose the motion of defendant C&C Distributors, Inc. ("C&C") to dismiss or in the alternative to stay this action on the single, erroneous ground that to grant the motion would be to approve C&C's purported attempt to forum shop. For the following reasons, this Court should reject such argument as specious.

A. Forum Shopping Is Not Relevant Under The Applicable *Wilton* Analysis.

Plaintiffs contend that C&C's state court complaint is merely an attempt to forum shop, and as such, this Court should not permit dismissal or stay of this action.[1] However, because it is

[1] The state court action is not an attempt to forum shop, and the timing of these actions is mere coincidence. C&C had no prior knowledge that plaintiffs would file this federal court action. In contrast, C&C, fearful that A-B would refuse to accept orders from C&C for the brands which C&C has the exclusive right to distribute under its agreement with plaintiff, InBev USA, had drafted its state court complaint prior to being served in this case. As set forth in the Affidavit of Kenneth Mancini, however, there was no confirmation of such refusal to distribute until February 1, 2007, the effective date of the Agreement between InBev nv/sa and A-B (and the filing date of this case). A distributor seeking to enforce its right under the Beer Industry Fair Dealing Law, R.I. Gen. Laws §§ 3-13-1, *et seq.*, must bring suit in the Rhode Island Superior Court. R.I. Gen. Laws § 3-13-11(a). In addition, the inclusion of defendant, McLaughlin & Moran, Inc. ("M&M") in the state court proceeding destroys diversity as the basis for federal court jurisdiction since M&M is a resident of Rhode Island. Moreover, C&C has asserted a variety of claims (including statutory claims) that plaintiffs omitted from this case and followed through (within two business days of service in this case) with its decision to proceed in Superior Court. The two filings are nearly simultaneous, hardly compelling a conclusion that C&C sought to forum shop. In any event, as set forth herein, the mere fact that the state and federal court filings occurred within days of each other is not relevant to the decision of this Court (under *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and its progeny) as to whether to exercise its discretion to dismiss or stay the within action for declaratory relief.

clear from a reading of the United States Supreme Court's decision in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and the decision of this Court in *Standard Fire Ins. Co. v. Gordon*, 376 F. Supp. 2d 218 (D.R.I. 2005), that the timing of the state and federal filings is not dispositive of the decision as to whether to stay a federal declaratory judgment action, this Court should reject plaintiffs' argument.

*Wilton* **does not** represent a pronouncement by the Supreme Court that federal courts should dismiss or stay federal declaratory judgment actions to avoid forum shopping.[2] Rather, as the Court expressly stated, it accepted certiorari to resolve conflicts "concerning the standard governing a district court's decision to stay a declaratory judgment action in favor of parallel state litigation." 515 U.S. at 281. Ultimately, *Wilton* concluded that the Court's prior decision in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), controlled the issue, and the *Wilton* court specifically held that the district court "acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." 515 U.S. 290. Nowhere did the Court limit its holding to indicate that staying a federal declaratory action was appropriate only to avoid forum shopping. Indeed, if that were the holding of Wilton, federal courts would grant a stay **every time** the state court action was filed first, and would deny a stay **every time** a federal court action was filed first.[3]

---

[2] Nor is the holding of *Wilton* limited to preventing forum shopping. It is an explanation of the standard for when to stay a federal declaratory judgment action in favor of parallel state litigation. 515 U.S. at 281.

[3] Obviously, that is not the rule. Indeed, in *Wilton*, where the insurers had filed their declaratory judgment action in federal court **before** the insureds had filed their state court action, the federal district court granted a stay. The analysis focuses on the scope of the state court proceeding, not the timing of the filing of the state and federal court actions.

Likewise, contrary to plaintiffs' characterization, this Court in *Standard Fire Insurance Co. v. Gordon*, never even mentioned the concept of forum shopping, and gave little weight to the fact of who filed first:

> [T]he order in which jurisdiction was obtained by the federal and state courts is of little consequence in this case, where the declaratory judgment action was brought just three months after the underlying tort suit, and where, as [defendant] admits, no substantial discovery has taken place in either action.

376 F. Supp. 2d at 233.[4] Rather, the issue before this Court is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* at 224 (quoting *Brillhart, supra*, 316 U.S. at 495). This Court has also acknowledged that the federal district court "should look for guidance to the scope of the pending state court proceeding, the available state court defenses," and should inquire whether "the claims of all parties in interest can be settled in the state court proceeding." 376 F. Supp. 2d at 224. This Court noted with approval that where parallel proceedings "presenting opportunity for ventilation of the same state law issues [are] underway in state court," such "considerations 'clearly support[]' a district court's decision to stay or dismiss a declaratory judgment action. *Id.* (quoting *Wilton*, 515 U.S. at 282 and *Brillhart*, 316 U.S. at 495).

Accordingly, it is clear that a federal district court's decision to stay a federal declaratory judgment action in favor of state court proceedings is not motivated by a desire to avoid forum shopping. Rather, the applicable standard requires this Court to examine the scope of the state court proceedings, and supports the granting of a stay where the state litigation provides an adequate forum for resolving all of the issues raised in the federal suit. In this case, because the proceedings already well underway before Judge Silverstein are, indeed, parallel, and because

---

[4] In contrast, in this action, substantial litigation is already underway in state court on the same issues, including voluminous discovery requests, planned depositions, and a scheduled substantive hearing on C&C's application for a preliminary injunction. These factors militate strongly in favor of staying this action.

the state court action plainly presents an opportunity for "ventilation of the same state law issues" raised in this court, allowing this action to proceed would be "uneconomical and vexatious," thus "clearly supporting" a decision to stay or dismiss this proceeding. Consequently, this Court should grant the motion to dismiss or to stay.

Respectfully submitted,

C&C DISTRIBUTORS, INC.

By its Attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

/s/ *Preston W. Halperin*
Preston W. Halperin, RI Bar No. 5555
Douglas A. Giron, RI Bar No. 2943
Dean J. Wagner, RI Bar No. 5426
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (facsimile)

March 23, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March 2007, I have caused a true and accurate copy of the within Reply Memorandum in Support of Motion to Dismiss/Stay, to be served via electronic mail to:

(for Anheuser-Busch, Inc.)
Joseph V. Cavanagh, Jr., Esquire
Kristin Rodgers, Esquire
Blish & Cavanagh
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765
jvc@blishcavlaw.com
ker@blishcavlaw.com

(Pro Hac Vice for Anheuser-Busch, Inc.)
Timothy Finley, Esquire
Brian Wallach, Esquire
Peter Moll, Esquire
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
FinleyT@Howrey.com
WallachB@Howrey.com
MollP@Howrey.com

(for InBev)
Jeffrey C. Schreck, Esquire
99 Wayland Avenue
Suite 200
Providence, RI 02906-4314
jschreck@msn.com
and
Angel Taveras, Esquire
127 Dorrance St.
Providence, RI 02903
ataveras@ctpllp.com

Brian A. Goldman, RI Bar No. 3940
681 Smith Street
Providence, RI 02908
goldlaw@cox.net

*/s/ Preston W. Halperin*